[26 NYS3d 909]

In the Matter of DAVID J. SEEGER, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, March 18, 2016

APPEARANCES OF COUNSEL

*Guy C. Giancarlo, Associate Counsel, Eighth Judicial District Grievance Committee*, Buffalo, for petitioner.

*David J. Seeger*, respondent pro se.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on February 18, 1981, and formerly maintained an office in Buffalo. He is the subject of two petitions alleging against him a total of four charges of professional misconduct, including entering into a business transaction with a client without making required disclosures, misappropriating client funds, neglecting client matters entrusted to him, and failing to pay personal income taxes and to file personal income tax returns for a seven-year period. In addition, by order entered October 28, 2014 (122 AD3d 1344), this Court suspended respondent on an interim basis after the Grievance Committee filed proof that, in July 2014, he had been convicted upon his plea of guilty in Erie County Court of attempted grand larceny in the fourth degree, in violation of Penal Law §§ 110.00 and 155.30 (1), and criminal tax fraud in the fifth degree, in violation of Tax Law § 1802, both class A misdemeanors. County Court sentenced respondent to a conditional discharge and 100 hours of community service, and this Court directed him to show cause why a final order of discipline should not be entered based on the conviction, pursuant to Judiciary Law § 90 (4) (g). In response to the first petition, respondent filed an answer denying material allegations, and this Court appointed a referee to conduct a hearing. During the proceeding before the Referee, however, the parties entered into a stipulation eliminating the need for

a hearing. In response to the second petition, respondent filed an answer admitting material allegations, and he has submitted matters in mitigation concerning the conduct at issue in the petitions and show cause order. On October 27, 2015, the parties appeared before this Court, and respondent was heard in mitigation.

With respect to charge one of the first petition, respondent admits that, in 2007, while representing a client in her capacity as the executrix of an estate he borrowed from her funds in the total amount of $35,300 without advising the client to seek independent legal counsel in relation to the loans, disclosing the terms of the loans to her in writing, or making any other disclosures to her regarding the loans. Respondent additionally admits that, in 2010, he represented the client in an action to recover a deposit for a cancelled real estate transaction, and, in October 2010, he received on behalf of the client settlement funds in the amount of $15,000. Respondent admits that he thereafter failed to remit any funds to the client in a timely fashion or to respond to inquiries from the client regarding the status of the action. Respondent further admits that, in December 2010, the client confronted him, and he admitted to the client that he had misappropriated the funds for his own use. In addition, respondent admits that he failed to make and keep required bookkeeping records regarding his receipt and disbursement of those funds.

With respect to charges two and three of the first petition, respondent admits that, between 2010 and 2012, in relation to two separate client matters he filed a notice of appeal on behalf of the client and thereafter failed to perfect the appeal, resulting in dismissal of the appeal. Respondent further admits that, with respect to one of those client matters, for approximately one year he failed to respond to several inquiries from the client regarding the matter or to advise her that the appeal had been dismissed.

With respect to the second petition, respondent admits that he failed to file timely state and federal personal income tax returns for 2007 through 2013 and failed to pay timely the related taxes for several of those years.

We find respondent guilty of professional misconduct and conclude that he has violated rule 8.4 (h) of the Rules of Professional Conduct (22 NYCRR 1200.0) and DR 1-102 (a) (7) of the former Disciplinary Rules of the Code of Professional Responsibility (22 NYCRR 1200.3 [a] [7])—engaging in conduct that adversely reflects on his fitness as a lawyer.

Pertaining to conduct that occurred before April 1, 2009, we conclude that respondent has violated DR 5-104 (a) of the former Disciplinary Rules of the Code of Professional Responsibility (22 NYCRR 1200.23 [a])—entering into a business transaction with a client if they have differing interests therein and if the client expects him to exercise professional judgment therein for the protection of the client, without disclosing the terms of the transaction to the client in writing and without obtaining in writing the consent of the client to those terms and to his inherent conflict of interest in the transaction.

In addition, pertaining to conduct that occurred after April 1, 2009, we conclude that respondent has violated the following Rules of Professional Conduct (22 NYCRR 1200.0):

rule 1.3 (b)—neglecting a legal matter entrusted to him;

rule 1.4 (a) (3)—failing to keep a client reasonably informed about the status of a matter;

rule 1.4 (a) (4)—failing to comply in a prompt manner with a client's reasonable requests for information;

rule 1.15 (a)—misappropriating funds or other property belonging to another person that came into his possession incident to his practice of law;

rule 1.15 (b) (1)—failing to maintain in a special account separate from his business or personal accounts all funds belonging to another person that came into his possession incident to his practice of law;

rule 1.15 (c) (4)—failing to pay or deliver to a client or third person in a prompt manner as requested by that person the funds, securities, or other properties in his possession that such person is entitled to receive;

rule 1.15 (d) (1)—failing to maintain required records of transactions in his trust account or any other bank account concerning or affecting his practice of law;

rule 1.15 (d) (2)—failing to make contemporaneous and accurate entries of all financial transactions in his records of receipts and disbursements, ledger books, and any other books of account kept by him in the regular course of his practice; and

rule 8.4 (c)—engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation.

In determining an appropriate sanction, we have considered respondent's submissions in mitigation, including his statement that he has filed all delinquent tax returns, has satisfied

all state tax obligations, and has repaid a substantial portion of the aforementioned loans from his client. In addition, we have considered respondent's representation to this Court that he intends to repay the remaining balance of the loans owed to the client. We have further considered respondent's expression of remorse to this Court and the fact that he has made restitution to the client whose funds he misappropriated, as set forth in the first petition. In addition, we have considered in aggravation of the charges that respondent has previously received a letter of admonition for conduct that included failing to refund unearned legal fees in a prompt manner and failing to keep clients reasonably informed about the status of their matters. We have further considered that respondent has engaged in an extended period of serious misconduct evidencing a disregard of the high standards imposed upon members of the bar. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be suspended from the practice of law for a period of three years and until further order of the Court.

WHALEN, P.J., CENTRA, PERADOTTO and LINDLEY, JJ., concur.

Final order of suspension entered.